United States District Court
Southern District of Texas
**ENTERED**
October 27, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAAMOND ONDRE DOWDELL, SPN #01141773, | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. H-17-3058 |
| JUDGE ROBERT JOHNSON, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Raamond Ondre Dowdell, is currently in custody at the Harris County Jail. Dowdell has filed a Prisoner Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), challenging a state court criminal conviction. Dowdell has submitted a "Financial Affidavit" (Docket Entry No. 2), requesting leave to proceed without prepayment of the filing fee. Because Dowdell is incarcerated, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After considering all of the pleadings the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Dowdell is presently in custody at the Harris County Jail pending a probation revocation proceeding in the 177th District Court of Harris County, Texas.[1] Dowdell sues the presiding judge, Robert Johnson, who previously served as Dowdell's defense counsel when his underlying conviction was entered.[2] Dowdell contends that his underlying conviction was "wrongful" because Johnson failed to defend him "to the best of his ability" and failed to tell Dowdell about a proposed plea deal for two years in prison.[3] Instead, Dowdell pled guilty in exchange for a term of five years' probation.[4] Invoking 42 U.S.C. § 1983, Dowdell seeks injunctive relief and $1.5 million in damages for his wrongful conviction.[5]

## II. Discussion

Dowdell fails to state a claim for relief under 42 U.S.C. § 1983, which affords a remedy against state actors only. In other words, "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct

---

[1]Complaint, Docket Entry No. 1, p. 4; Exhibit, Motion to Adjudicate Guilt, State v. Dowdell, Cause No. 1484047, Docket Entry No. 1, p. 14.

[2]Complaint, Docket Entry No. 1, p. 12.

[3]Id.

[4]Id. Public records clarify that Dowdell was placed on deferred adjudication probation on or about November 5, 2015. See Harris County District Clerk's Office website, located at: http://www.hcdistrictclerk.com (last visited Oct. 26, 2017).

[5]Complaint, Docket Entry No. 1, p. 5.

imposed by the State or by a person for whom the State is responsible." Lugar v. Edmundson Oil Co., 102 S. Ct. 2744, 2753 (1982). This means that "the party charged with the deprivation must be a person who may fairly be said to be a state actor," that is, one who is in fact a state official, one who "has acted with or has obtained significant aid from state officials," or one whose "conduct is otherwise chargeable to the State." Id.

Dowdell sues the defendant for actions taken while he was acting as Dowdell's retained criminal defense attorney.[6] Criminal defense attorneys, even court-appointed ones, are not state actors for purposes of a suit under 42 U.S.C. § 1983. See Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996) (citing Polk Cty. v. Dodson, 454 U.S. 312, 324-25 (1981); Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988)). Because a civil rights complaint against a criminal defense attorney does not allege state action, such a complaint against counsel fails to state a claim upon which relief can be granted as a matter of law. See Hudson,

---

[6]Dowdell also implies that Judge Johnson, as Dowdell's former criminal defense counsel, has a conflict of interest that precludes him from presiding over his revocation proceeding. See Complaint, Docket Entry No. 1, pp. 4, 12. To the extent that this allegation concerns proceedings that are currently pending against him, the doctrine of abstention announced in Younger v. Harris, 91 S. Ct. 746, 751 (1971), prohibits interference by a federal court with a pending state criminal prosecution. See DeSpain v. Johnston, 731 F.2d 1171, 1176 (5th Cir. 1984) ("The Younger doctrine establishes a presumption that the federal courts should abstain in cases in which a state criminal proceeding is pending."). Accordingly, the court does not address these allegations further.

98 F.3d at 873; see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995).

Alternatively, Dowdell cannot obtain injunctive relief or money damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," without first proving that the challenged conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994).

It is evident from the pleadings that the challenged conviction has not been set aside or invalidated. Because Dowdell does not demonstrate that his conviction have been invalidated, his civil rights claims are not cognizable under 42 U.S.C. § 1983 and his Complaint must be dismissed with prejudice. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by Heck are "dismissed with prejudice to their being asserted again until the Heck conditions are met"). Accordingly, this case will be dismissed for failure to state a claim upon which relief may be granted for purposes of 28 U.S.C. § 1915A(b).

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The application for leave to proceed without prepayment of the filing fee (Docket Entry No. 2) is **GRANTED**.

2.  Officials at the Harris County Jail are directed to deduct the filing fee for indigent litigants ($350.00) from the Inmate Trust Fund account of Raamond Ondre Dowdell (SPN #01141773) in periodic installments pursuant to 28 U.S.C. § 1915(b), and forward those funds to the Clerk of Court until the entire fee is paid.

3.  Dowdell's Prisoner Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 (Docket Entry No. 1) is **DISMISSED with prejudice**.

4.  The dismissal will count as a strike for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also provide a copy of this order by regular mail or electronic mail to: (1) the Harris County Jail Inmate Trust Fund, Attn: Sergeant Tom Katz, 1200 Baker Street, Houston, Texas, 77002, phone: (713) 755-8436, fax: 713-755-4546; and (2) the Three Strikes List at Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on this 27th day of October, 2017.

SIM LAKE
UNITED STATES DISTRICT JUDGE